# In the United States Court of Federal Claims

No. 99-495V

(Filed December 10, 2008)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JONATHAN CARRINGTON, a minor,     *
by his mother and natural guardian, *
TAMMY CARRINGTON,                  *
                                   * National Vaccine Injury
           Petitioner,             * Compensation Act;
                                   * 42 U.S.C. §§ 300aa-1 to
     v.                            * -34; Petition for Review of
                                   * Attorney Fees and Cost.
SECRETARY OF HEALTH AND            *
HUMAN SERVICES,                    *
                                   *
           Respondent.             *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Clifford J. Shoemaker*, Vienna, VA, attorney of record for Petitioner, and *Renée J. Gentry*.

*Althea Walker Davis*, Department of Justice, Washington, D.C., with whom was *Assistant Attorney General Gregory G. Katsas*, for Respondent. *Timothy P. Garren*, Director, *Vincent J. Matanoski*, Acting Deputy Director, and *Catharine E. Reeves*, Assistant Director.

**OPINION & ORDER**

*Futey*, **Judge**.

This matter is before the Court on Petitioner's Motion For Review of an award of attorneys' fees and costs by Special Master Denise K. Vowell under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("the Vaccine Act"). According to Petitioner, Special Master Vowell's adjusted award of $63,995.67 is an abuse of discretion because it usurped the role of opposing counsel, who did not oppose the requested fee amount. Pet'r Mot. for Review at 2. Additionally, Petitioner argued that Special Master Vowell's downward adjustment of attorneys' fees has "rachet[ed] up the adversarial level of the litigation, unnecessarily prolong[ed] the proceedings and is contrary to law." *Id*. Respondent

countered that Special Master Vowell correctly relied upon her experience in the Vaccine Program in determining the award of attorneys' fees and costs. Resp't Mem. in Resp. at 1.  According to Respondent, its decision not to challenge Petitioner's application for attorneys' fees and costs does not relieve the special master of the statutory duty to make an independent determination of the reasonableness of an award.  *Id.* at 7.

For the reasons set forth below this Court affirms Special Master Vowell's Decision Awarding Attorney Fees And Costs.

I.   Background

On July 26, 1999, Tammy Carrington filed a petition under the Vaccine Act on behalf of her minor child, Jonathan. On July 31, 2000, Respondent filed a report recommending against compensation. On August 21, 2001, Special Master Millman ordered that Petitioner clarify physician's opinions and rectify certain factual discrepancies in the record.  On January 25, 2002, after Petitioner failed to respond to the previous order, Special Master Millman issued preliminary findings and again ordered Petitioner to support the pending claim with expert evidence.  The proceedings were stayed on February 24, 2003.  Petitioner then filed additional exhibits from medical records; Petitioner, however, did not file any expert report. On December 15, 2005, Special Master Millman issued a Show Cause Order noting Petitioner's failure to respond to the Orders of August 21, 2001, and January 25, 2002.  Petitioner responded on January 26, 2006, and requested a hearing to present the testimony of fact witnesses.  The Show Cause Order was withdrawn.  Order of Jan. 30, 2006.

On February 8, 2006, the case was transferred to Special Master Vowell and a hearing was held on May 16, 2006, to resolve the factual discrepancies in the record.  The parties were ordered to obtain expert reports.  Onset Ruling of Aug. 31, 2006. Petitioner was unable to obtain the required expert reports to support the claim and the petition was dismissed with prejudice on May 29, 2007, due to failure to prosecute.  Petitioner filed an election to pursue a civil action on July 19, 2007.

According to Rule 13 of Appendix B, the Vaccine Rules of the United States Court of Federal Claims ("Vaccine Rules"), "any request for attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(e) shall be filed no later than 180 days after the entry of judgment or the filing of an order concluding proceedings under Vaccine Rule 10(a) or 29." Vaccine Rule 13. According to Special Master Vowell, any application for attorneys' fees and costs was due by January 14, 2008. Dec. Award. Att'y Fees & Costs at 2.  On February 4, 2008, Petitioner filed an untimely application for attorneys' fees and costs that was incomplete and struck from the record; however, leave was granted to file a motion for enlargement of time to file

the application for attorneys' fees and costs. *Id*. On February 11, 2008, Petitioner filed the motion for enlargement of time asserting that the client's failure to provide counsel with information regarding personal costs necessitated the additional time to file the application for attorneys' fees and costs. *Id*. Special Master Vowell then held a status conference to discuss the late filings throughout the case. *Id*. at 3. On March 17, 2008, after the motion for an enlargement of time was granted, the application for attorneys' fees and costs was filed. *Id*. Subsequently, a joint status report was filed on April 1, 2008, indicating that Respondent did not object to the amended amount of attorneys' fees and costs which totaled $70,358.67: $1,859.30 in Petitioner's costs, $56,392.50 in attorneys' fees, and $12,106.87 in attorneys' costs. *Id*.

On June 18, 2008, Special Master Vowell issued a comprehensive decision awarding attorneys' fees and costs. Special Master Vowell held that $1,859.30 in Petitioner's personal costs, $53,229.50 in attorneys' fees, and $8,906.87 in costs were reasonable and appropriately documented. Dec. Award Att'y Fees & Costs at 17. Special Master Vowell's award reflected a reduction in Petitioner's request of $3,163.00 in attorneys' fees and $3,200.00 in costs. *Id*. The requested amount was reduced because documentation supporting the request for fees was inadequate. *Id*. Additionally, Special Master Vowell excluded specific time entries as duplicative, excessive, redundant or otherwise unnecessary. *Id*. at 11-13. On July 17, 2008, Petitioner filed the instant motion for review and Respondent filed a memorandum in response to Petitioner's motion for review on August 18, 2008. A status conference was held on September 10, 2008, and the Court heard oral arguments on November 6, 2008.

II.     Discussion

   A.    *Jurisdiction and Standard of Review*

Pursuant to 42 U.S.C. § 300aa-12(e), upon the filing of a motion for review this Court has jurisdiction "to undertake a review of the record of the proceeding and may thereafter . . . set aside any findings of fact or conclusions of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 42 U.S.C. § 300aa-12(e)(2)(B); Vaccine Rule 27. Under the Vaccine Act, in awarding compensation on a petition a special master shall also award as part of the compensation reasonable attorneys' fees and other costs incurred in proceeding on the petition. 42 U.S.C. § 300aa-15(e)(1)(A)-(B). If compensation is not awarded, reasonable attorneys' fees and costs may be granted if the petition was brought in good faith and there was a reasonable basis for the claim brought. *Id.*

When reviewing a special master's decision, this court should not "substitute its own judgment for that of the special master if the special master has considered

all relevant factors, and has made no clear error of judgment." ***Hines v. Sec'y of the Dep't of Health & Human Servs.***, 22 Cl. Ct. 750, 753 (1991) (citing ***Citizens to Preserve Overton Park v. Volpe***, 401 U.S. 402, 416 (1971); ***Gamalski v. Sec'y of the Dep't of Health & Human Servs.***, 21 Cl. Ct. 450, 451-52 (1990); ***Hyundai Elecs. Indus. v. United States Int'l Trade Comm'n***, 899 F.2d 1204, 1209 (Fed. Cir. 1990)). A special master has significant discretion and there is "wide latitude in determining the reasonableness of both attorneys' fees and costs." ***Hines***, 22 Cl. Ct. at 753.

      B.    *The party's arguments*

Petitioner's motion for review cites a non-binding case for the proposition that "*sua sponte* reduction of fee requests deprives the fee applicant of her entitlement to 'offer evidence in support of the reasonableness of her request.'" Pet'r Mot. for Review at 5-6; ***Bell v. United Princeton Properties***, 884 F.2d 713, 719 (3d. Cir. 1989) (citing ***Cunningham v. City of McKeesport***, 753 F.2d 262, 267 (3d Cir. 1985)). Petitioner's citation of this case is not persuasive. Both ***Bell*** and ***Cunningham*** involve very different areas of law, ERISA in ***Bell***, and civil rights in ***Cunningham***, whereas, in this case falls under the Vaccine Act. Additionally, at least two other circuits have held the opposite of the Third Circuit in ***Bell*** and ***Cunningham***. *See, e.g.*, ***Bernardi v. Yuetter***, 951 F.2d 971, 974 (9th Cir. 1991) (finding reduction of hourly rates and reduction of hours not an abuse of discretion); *see also* ***Coulter v. State of Tennessee***, 805 F.2d 146, 150-52 (6th Cir. 1986). Most importantly, binding precedent dictates that a special master has discretion when determining attorneys' fees and costs. ***Saxton v. Sec'y of the Dep't of Health & Human Servs.***, 3 F.3d 1517, 1521 (Fed. Cir. 1993) ("It was well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, was reasonable for the work done.").

Petitioner then cited to ***Greenlaw*** which is binding on this court, however, the case offers no support to the instant motion for review. ***Greenlaw v. United States***, 128 S. Ct. 2559, 2564 (2008). Petitioner claims that "[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties." ***United States v. Samuels***, 808 F.2d 1298, 1301 (8th Cir. 1987). The passage cited by Petitioner is simply inapposite. The amount of attorneys' fees and costs is directly in issue upon Petitioner's filing of the request for such an award. 42 U.S.C. § 300aa-15(e)(1).

At oral argument in this matter Petitioner refined the argument found in the motion for review. When questioned directly about the holding in ***Saxton***, that a determination of the amount of reasonable attorneys' fees under the Vaccine Act is within special master's discretion, Petitioner agreed that a special master does have discretion in awarding fees. ***Saxton,*** 3 F.3d at 1521; Tr. 7:8-15. Petitioner then

argued that the special master abused her discretion by failing to request additional information or afford the opportunity to explain the original request prior to the reduction in the award of fees and costs. Tr. 10:2-23. Petitioner cited to the reduction in the amount of expert fees for Dr. Geier and MedCon, Inc. as an example of a dramatic "cut" in fees where there was no opportunity to explain. Tr.12:15-22; *see also* Dec. Award. Att'y Fees & Costs at 15-16. Petitioner also suggested to the Court that if there is no additional opportunity to explain a fee request prior to the issuance of a decision there will be no reason to negotiate with opposing counsel and all fee awards will be litigated. Tr.14:11-25.

Respondent, at oral argument, countered Petitioner's position that it must be afforded an opportunity to provide additional evidence prior to any reduction in attorneys' fees and costs. Tr. 20:16-25; 21:1-16. Respondent argued that an application for fees and costs must be complete at the time of filing and cited to the recent persuasive decisions **Duncan** and **Savin. Duncan v. Sec'y of the Dep't of Health & Human Servs.,** No. 99-455V, slip op. at 2 (Fed. Cl. Aug. 4, 2008); **Savin v. Sec'y of the Dep't of Health & Human Servs.,** No. 99-537V, slip op. at 4-5 (Fed. Cl. Oct. 17, 2008). Respondent also asserted that a special master is not bound by the agreement of the parties and cited to **Saxton** when advancing the position that a special master may rely on their own experience when making a reasonableness determination when awarding fees. Tr. 24:9-23 (citing **Saxton,** 3 F.3d 1517, 1521).

    C.    *"Reasonable" Attorneys' Fees and Costs "May" be Granted; A Special Master has discretion in determining the proper award*

The Vaccine Act does not require the award of attorneys' fees and costs, nor does it require payment of any or all fees and costs proffered by counsel. *See* 42 U.S.C. § 300aa-15(e)(1) ("If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs . . . .") (emphasis added). The burden is on Petitioner seeking an award of fees and costs to establish "by competent and probative evidence all elements of claimed fees." **Hines**, 22 Cl. Ct. at 755; *see also* **Hensley v. Eckerhart**, 461 U.S. 424, 437 (1983); **Wasson v. Sec'y of the Dep't of Health & Human Servs.**, 24 Cl. Ct. 482, 484 (1991), *aff'd,* 988 F.2d 131 (Fed. Cir. 1993); **Monteverdi v. Sec'y of the Dep't of Health & Human Servs.**, 19 Cl. Ct. 409, 418-19 (1990). Because public policy concerns warrant against an attorneys' fees proceeding escalating to the level of full litigation, the special master is given "reasonably broad discretion" to determine the proper amount of an award. **Wasson**, 24 Cl. Ct. at 483.

Calculation of the proper attorneys' fees award begins with the lodestar method: a reasonable hourly rate for legal services multiplied by a reasonable number of hours dedicated to the relevant petition. **Hensley**, 461 U.S. at 433; *see also* **Avena**

*v. Sec'y of the Dep't of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008); **Hines**, 22 Cl. Ct. at 753. The lodestar approach was designed to yield "a market-based value" that, although "presumed to be reasonable," a court "may adjust 'where the fee charged is out of line with the nature of services rendered.'" **Hines**, 22 Cl. Ct. at 753 (quoting ***Zeagler v. Sec'y of the Dep't of Health & Human Servs.***, 19 Cl. Ct. 151, 153 (1989) (citing ***Pierce v. Underwood***, 487 U.S. 552, 581(1988) (Brennan, J., concurring))). Both the number of hours worked by attorneys and paralegals and the fees charged by each are reviewable and reducible by a special master. *See, e.g.*, **Hines**, 22 Cl. Ct. 750 (affirming, on request for review, special master's reductions of several attorneys' hours and fees, as well as some costs). In the instant request for review only the reduction in hours, not the hourly rate, is at issue.

A number of considerations may factor into a special master's decision to reduce the requested attorneys' fees and costs award. First, Petitioner must present adequate proof of the requested fees at the time the request is submitted to allow for a determination of reasonableness. **Wasson**, 24 Cl. Ct. at 484 n.1. Where the evidence is not adequate to support the requested fees or costs, a special master may rely on his or her experience in other vaccine cases to determine a reasonable award. **Saxton,** 3 F.3d at 1521. A special master has discretion to reduce hours that are "duplicative, padded, spent on unrelated matters, or not 'reasonably expended.'" **Hines**, 22 Cl. Ct. at 754-55 (quoting ***Griffin & Dickson v. United States***, 21 Cl. Ct. 1, 11 (1990) (citing **Hensley**, 461 U.S. at 434.)). Further, hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from an award. **Hensley**, 461 U.S. at 434.

The Vaccine Act requires any attorneys' fees and costs awarded to be "reasonable." 42 U.S.C. § 300aa-15(e)(1). By statute the determination of reasonableness has squarely been allocated to the special master. When making this determination a special master must "provide sufficient findings and analysis in her opinion for the court, upon review, to determine whether there was an abuse of discretion." **Wasson**, 24 Cl. Ct. at 483 (citing **Hensley**, 461 U.S. at 437). In reviewing Petitioner's billing records Special Master Vowell specifically found that certain periods of time billed in the instant case should have been billed to the hepatitis B panel.[1] Dec. Award. Att'y Fees & Costs at 8-9. Special Master Vowell cited concern about nine specific entries that totaled $3,582.50 and determined that only $750.00, for consultation with Petitioner and a status conference, were specific to this case and properly billed. *Id*. at 10. According to Special Master Vowell, the remainder of the entries should have been billed to the general hepatitis B

---

[1]The hepatitis B panel refers to the effort to find an expeditious method to handle the large number of vaccine claims that Petitioner's counsel and several other attorneys took part in with Chief Special Master Golkiewicz.

proceeding. *Id*. In nine other entries Special Master Vowell found the charges to be "excessive, redundant, or otherwise unnecessary . . . ." *Id*. at 13 (citing ***Hensley***, 461 U.S. at 434). Special Master Vowell also found several time entries either excessive or more appropriately billed to administrative staff rather than as attorney time and, therefore, reduced time entries on November 3, 2003, January 7, 2006, and May 7, 2006. Dec. Award. Att'y Fees & Costs at 13. Finally, Special Master Vowell found that the invoices reflecting the expert fees for Dr. Mark Greier and MedCon, Inc., were "insufficient to explain the relationship of costs to the prosecution of this petition" and denied $3,200 of these costs. *Id*. at 15-16.

This Court concludes that in reducing the award of attorneys' fees and costs Special Master Vowell adequately explained the reason for each individual reduction. ***Wasson***, 24 Cl. Ct. at 483 (citing ***Hensley***, 461 U.S. at 437). Additionally, Special Master Vowell properly based the reduction in attorneys' fees and costs on prior experiences in general Vaccine Act litigation, as well as on specific experiences with Petitioner's counsel. ***Saxton,*** 3 F.3d at 1521. Also, this Court concludes that Petitioner's assertion at oral argument that a special master must allow Petitioner to submit additional documentation or explanation prior to any reduction in fees is without merit. ***Wasson***, 24 Cl. Ct. at 484 n.1, *aff'd*, 988 F.2d 131 (Fed. Cir. 1993) (holding that Petitioner must present adequate proof of the requested fees at the time a fee and cost request is submitted to allow for a determination that the fees and costs are reasonable); *see also **Hines***, 22 Cl. Ct. at 755; ***Hensley***, 461 U.S. at 437 (finding that the burden is on counsel seeking fees and costs to establish with evidence all elements of claimed fees). This Court will not require a special master to request additional evidence or hold a hearing prior to an award of attorneys' fees and costs, in effect, substituting its own judgment for that of the special master. ***Hines***, 22 Cl. Ct. at 753 (citing ***Citizens to Preserve Overton Park***, 401 U.S. at 416). Additionally, in the instant matter Special Master Vowell considered all relevant factors and there has been no clear error in judgment. *Id*.

    D.    *Petitioner's request for additional attorneys' fees and cost*s

On November 20, 2008, Petitioner filed a supplemental request seeking attorneys' fees and costs. Petitioner requested $7,652.94 in fees and $32.20 in costs. Respondent filed a response to Petitioner's request for attorneys' fees and costs on December 1, 2008. Petitioner did not file a reply. Petitioner sought to recover the fees and costs incurred during the instant review. Pet'r Suppl. at 1. Attached to Petitioner's request for fees and costs is a transcript from an oral argument in ***Carpenter v. Sec'y of the Dep't of Health & Human Servs***., No. 99-463V, which Petitioner argued demonstrates how issues regarding Dr. Geier's billing were handled by another member of this court. Respondent countered that Petitioner's request is premature because a decision has not yet issued on the merits of the instant review. Resp't Resp. at 2. In the alternative, Respondent objected to several hours billed to

prepare the motion for review and the instant supplemental motion. *Id.* at 2-3. Additionally, Respondent objected to the filing of the transcript from ***Carpenter***. *Id*. at 3.

Pursuant to Vaccine Rule 34, "[a]ny request for attorneys' fees and costs, in a case where judgment followed review by a judge will be processed pursuant to Vaccine Rule 13." Vaccine Rule 13 requires any request for attorneys' fees and cost be filed no later than 180 days after the entry of judgment and the request is then forwarded to the special master to whom the case was assigned for consideration and decision. Vaccine Rule 13. A decision by the special master on a request for attorneys' fees and costs "shall be considered a separate decision for purposes of Vaccine Rules 11, 18, and 23." *Id*. Accordingly, this Court declines to award any attorneys' fees and costs.[2] Petitioner's supplemental request for attorneys' fees and costs shall be forwarded to Special Master Vowell for consideration pursuant to Vaccine Rule 13 and 42 U.S.C. § 300aa-15(e)(1).

III.   Conclusion

For the foregoing reasons, this Court holds that Special Master Vowell did not abuse her discretion in reducing Petitioner's attorneys' fees and costs. Petitioner's Motion For Review is DENIED and Special Master Vowell's decision is AFFIRMED. The Clerk of the Court is directed to enter judgment in the amount of $63,995.67, consisting of: $1,859.30 in Petitioner's personal costs, $53,229.50 in attorneys' fees, and $8,906.87 in costs.

In addition, the Clerk of the Court is directed to forward Petitioner's supplemental request for attorneys' fees and costs, filed on November 20, 2008, to Special Master Vowell for consideration. No costs.

IT IS SO ORDERED:

                                **s/Bohdan A. Futey**
                                **BOHDAN A. FUTEY**
                                **Judge**

---

[2] The Court is aware that pursuant to 42 U.S.C. § 300aa-15(e), the "court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs . . . ." 42 U.S.C. § 300aa-15(e)(1); *see also* ***Avena***, 515 F.3d at 1347 n.1 (holding that, with respect to an interim award in a vaccine matter, "[t]he statute also provides that the Court of Federal Claims on review may award attorneys' fees. 42 U.S.C. § 300aa-15(e)(1)."). Both the statute and case law seem to indicate that this court may award fees and costs, however, such an award is discretionary.